**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SMITH & MORRIS HOLDINGS, LLC, MICHAEL C. MORRIS, and STEPHEN G. SMITH, <br><br> Plaintiffs, <br><br> v. <br><br> SCOTT J. SMITH, *et al.*, <br><br> Defendants. | CIVIL ACTION NO. 3:CV-14-803 <br><br> (JUDGE CAPUTO) |

**MEMORANDUM**

Presently before the Court is the Motion to Dismiss (Doc. 16) filed by Defendants Scott J. Smith, F.J. Monaghan, James L. Brennan, Jr., Juanita Pisano, Bill Canfield, Robert Jennings, Tiffany S. Kominski, Carolyn J. Lorent, Harry Devrieze,[1] and the Borough of Honesdale (collectively, "Defendants").  Pursuant to 42 U.S.C. § 1983, Plaintiffs Smith & Morris Holdings, LLC ("Smith & Morris Holdings"), Michael C. Morris ("Morris"), and Stephen G. Smith ("Smith") (collectively, "Plaintiffs") allege that Defendants violated their rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.  Plaintiffs also assert federal law claims under 42 U.S.C. § 1985 and § 1986, as well as state law claims for breach of contract, inducing breach of contract, and breach of the implied covenants of good faith and fair dealings.  Because Plaintiffs fail to state a claim under § 1983, § 1985, or § 1986 and there exists no affirmative justification for exercising supplemental jurisdiction over the remaining state law claims, Defendants' motion to dismiss will be granted, Plaintiffs' federal law claims will be dismissed with prejudice, and Plaintiffs' state law claims will be dismissed without prejudice.

---

[1] Scott Smith, Monaghan, Brennan, Pisano, Canfield, Jennings, Kominski, Lorent, and Devrieze are all alleged to have been members of the Honesdale Borough Council at the times relevant to this action. (*Compl.*, ¶¶ 6-14.)

**I. Background**

The facts as set forth in the Complaint are as follows:

In or about May 2011, Smith & Morris Holdings and the Borough of Honesdale (the "Borough") entered into negotiations to seek a Keystone Communities Program Grant from the Pennsylvania Department of Community & Economic Development ("DCED"). (*Compl.*, ¶ 16.) Smith & Morris Holdings invested substantial resources in assisting the Borough in applying to the DCED for grants and grants-to-loans for physical improvements to a building owned by Smith & Morris Holdings at 560 Main Street, Honesdale, Pennsylvania, referred to as the "Anchor Building Renovation Project." (*Id*. at ¶ 17.)  The Anchor Building Renovation Project was approved by the DCED and a grant was made to the Borough in the amount of $255,076.00. (*Id*. at ¶ 18.)  Smith & Morris Holdings was to act as the contractor for the renovation project. (*Id*. at ¶ 19.)

As part of the understanding between Smith & Morris Holdings and the Borough, "bridge funding" to commence the construction of the project was to be provided by the Dime Bank of Honesdale. (*Id*. at ¶ 20.)  To close the "bridge loan" with the Dime Bank, Defendants required Smith & Morris Holdings to execute a Promissory Note, a Mortgage and Security Agreement, a Construction Loan Agreement, and an Assignment of Leases and Rents to the Borough. (*Id*. at ¶ 21.)  Although not required by the Dime Bank, the Borough also required Morris and Smith to execute Personal Guaranty and Suretyship agreements in favor of the Borough. (*Id*. at ¶ 22.) The Borough falsely represented that this was required by the Commonwealth of Pennsylvania when it was not. (*Id*.)

The Construction Loan Agreement dated April 25, 2013 provides for the Borough to make disbursements pursuant to the schedule of progress payments set forth in the agreement. (*Id*. at ¶ 23.)  Smith & Morris Holdings submitted for payment on several occasions construction progress payment authorizations. (*Id*. at ¶ 24.)  Defendants,

2

however, failed to comply with their obligations under the terms of the Grant Agreement and caused unnecessary delays in Smith & Morris Holdings receiving the approved progress payments which were due to contractors and suppliers. (*Id*. at ¶¶ 25-27.)  As a result, contractors and suppliers went unpaid and/or walked off the project. (*Id*.)  And, because of Defendants' delays, vendors demanded up-front payments and inflated quotes, causing the project's costs to increase by an average of 30% above industry standards. (*Id*. at ¶ 29.)

Defendants' failure to timely complete their obligations to the DCED resulted in the Dime Bank freezing and placing Plaintiffs' bank accounts into default. (*Id*. at ¶ 30.)  The Dime Bank also demanded payment of the balloon payment in January 2014. (*Id*. at ¶ 31.) Smith & Morris Holdings thus became incapable of conducting any business. (*Id*. at ¶ 32.) Defendants' actions also forced Morris to place an additional $100,000.00 of equity from his home to cover a new loan. (*Id*. at ¶ 34.)  Defendants' conduct put Plaintiffs in jeopardy of default on the investment in the project, an investor balloon payment, other loans, and caused investors to walk from the project, which cut the funding source for the operation of Plaintiffs' business. (*Id*. at ¶¶ 36-39.)

As a result of Defendants' actions and Smith & Morris Holdings' inability to carry on the business, the property undergoing renovations suffered damages, including water damage due to a contractor not completing work sealing windows. (*Id*. at ¶ 35.)  Moreover, contractors demanded up-front payment prior to providing material and/or labor for the project. (*Id*. at ¶ 40.)

Since April 2013, Defendants have continuously harassed Plaintiffs in a variety of ways, such as: permitting the Borough's legal counsel to handle matters involving Smith & Morris Holdings when that attorney was representing a contractor that claimed it was not paid by Plaintiffs; the same attorney allowing statements and letters to be read by the Borough Council into the public record; giving interviews to a local newspaper repeating

these statements; and giving interviews to local newspapers denying such involvement when these Council members were at that meeting. (*Id*. at ¶ 45.)

Based on the foregoing, Plaintiffs commenced this action on April 27, 2014. The Complaint consists of five Counts. Count I sets forth claims for "violations of Plaintiffs' substantive and procedural due process rights under 42 U.S.C. § 1983 and the Fifth, Sixth and Fourteenth Amendments to the United States Constitution." (*Compl.*, Count I.) Count II asserts claims for "conspiracy to deprive the Plaintiffs' federally-protected rights under 42 U.S.C. § 1985 & § 1986 and the Fifth, Sixth and Fourteenth Amendments to the United States Constitution." (*Id*. at Count II.) Count III asserts a breach of contract claim, while Count IV asserts a claim for inducing breach of contract. (*Id*. at Counts III-IV.) Lastly, Count V alleges a breach of the implied covenants of good faith and fair dealing. (*Id*. at Count V.)

On July 14, 2014, Defendants filed a motion to dismiss the Complaint in its entirety. (Doc. 16.) Defendants' brief in support of their motion to dismiss was filed on July 28, 2014. (Doc. 19.) Plaintiffs' brief in opposition was filed on August 11, 2014. (Doc. 20.) Defendants' reply brief in further support of their motion was filed on August 25, 2014. (Doc. 23.) Defendants' motion to dismiss is now fully briefed and ripe for disposition.

## II. Discussion

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). The Court does not consider whether a plaintiff will ultimately prevail. *See id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United*

*States*, 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement required by Rule 8(a)(2) must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id*. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). As such, "[t]he touchstone of the pleading standard is plausability." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

The inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)

(quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679, 129 S. Ct. 1937.

In deciding a motion to dismiss, the Court should consider the complaint, exhibits attached to the complaint, and matters of public record. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).  The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Pension Benefit Guar.*, 998 F.2d at 1196.  The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

**B.    Defendants' Motion to Dismiss**

Defendants seek dismissal of Plaintiffs' Complaint in its entirety.  In particular, Defendants move to dismiss Plaintiffs' federal law claims, *i.e.*, Counts I-II of the Complaint, for failure to state a claim upon which relief can be granted.  And, Defendants argue that because the federal question claims are subject to dismissal, I should decline to exercise supplemental jurisdiction over the state law claims, *i.e.*, Counts III-V of the Complaint.  For the reasons that follow, Plaintiffs' federal law claims will be dismissed with prejudice, supplemental jurisdiction over the state law claims will be declined, and the state law claims will be dismissed without prejudice.

### 1. Count I

In Count I of the Complaint, Plaintiffs set forth claims for "violations of Plaintiffs' substantive and procedural due process rights under 42 U.S.C. § 1983 and the Fifth, Sixth and Fourteenth Amendments to the United States Constitution." (*Compl.*, Count I.) Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen . . . or other person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured, . . ." 42 U.S.C. § 1983.  "To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants, acting under color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained of injury." *Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005) (citing *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 590 (3d Cir. 1998)).

#### a. Fifth Amendment

Plaintiffs' claim against Defendants for violation of the Fifth Amendment to the United States Constitution will be dismissed.  The Due Process Clause of the Fifth Amendment applies to actions of the federal government, while the Due Process Clause of the Fourteenth Amendment applies to state actors. *See* U.S. Const. amend. V; U.S. Const. amend. XIV, § 1; *see also B & G Const. Co. v. Dir., Office of Workers' Comp. Programs*, 662 F.3d 233, 246 n.14 (3d Cir. 2011).  Because Plaintiffs do not allege any actions on the part of the federal government, they cannot state a claim under the Fifth Amendment.

#### b. Sixth Amendment

Plaintiffs' Complaint also purports to state a claim under the Sixth Amendment to the United States Constitution.  However, the allegations in the Complaint fail to implicate any rights secured by the Sixth Amendment. *See* U.S. Const. amend. VI (listing rights protected "[i]n all criminal prosecutions").  Thus, Plaintiffs' Sixth Amendment claims will be dismissed

with prejudice.

### c. Fourteenth Amendment

Count I of the Complaint also sets forth claims under the Fourteenth Amendment to the United States Constitution. The Fourteenth Amendment provides, in pertinent part, that a state shall not "deprive any person of life, liberty, or property, without due process of law; . . ." U.S. Const. amend. XIV, § 1. Plaintiffs' submissions are not clear as to the precise nature of the Fourteenth Amendment claims being advanced in this litigation. Nevertheless, I construe Plaintiffs' Complaint as attempting to state the following claims under the Fourteenth Amendment: (i) a substantive due process deprivation of property interest claim; (ii) a takings claim[2]; (iii) a procedural due process deprivation of property interest claim; and (iv) a procedural due process deprivation of liberty interest claim. I will address each of Plaintiffs' due process claims separately.

### i. Substantive Due Process Property Interest Claim

According to the Third Circuit, "the fabric of substantive due process . . . encompasses at least two very different threads." *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 139 (3d Cir. 2000). The first of these threads (which is not at issue in this case) applies when a "plaintiff challenges a legislative act." *Id*. Plaintiffs' claim here instead falls under the second of these threads, which "protects against certain types of non-legislative action." *Id*. To establish a substantive due process violation under this thread, a plaintiff must prove: (1) the deprivation of an interest protected by the substantive due process clause; and (2) that the government's deprivation of that protected interest shocks the conscience. *Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 190 (3d Cir.

---

[2]  The Takings Clause of the Fifth Amendment is applicable to the states through the Fourteenth Amendment. *Webb's Fabulous Pharmacies, Inc. v. Beckwith*, 449 U.S. 155, 160, 101 S. Ct. 446, 66 L. Ed. 2d 358 (1980).

2009) (citing *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008)); *see also Nicholas*, 227 F.3d at 139-40 ("To prevail on a non-legislative substantive due process claim, a plaintiff must establish as a threshold matter that he has a protected property interest to which the Fourteenth Amendment's due process protection applies."). To state a substantive due process claim, a plaintiff must have been deprived of a "particular quality of property interest," and "whether a certain property interest embodies this 'particular quality' is not determined by reference to state law, but rather depends on whether that interest is 'fundamental' under the United States Constitution." *Nicholas*, 227 F.3d at 140 (citations omitted). The Third Circuit has "so far limited non-legislative substantive due process review to cases involving real property ownership." *Id*. at 141 (citing *DeBlasio v. Zoning Bd. of Adjustment*, 53 F.3d 592, 598 (3d Cir. 1995)); *Connection Training Servs. v. City of Phila.*, 358 F. App'x 315, 320 (3d Cir. 2009) (same).

In their Complaint, Plaintiffs indicate that the "significant property interests" they were deprived of under the Due Process Clause include: "diminution of the value of their real property"; "deprivation of the use of equity in the real property"; "harming of their credit ratings"; and "monetary losses as are set forth hereinafter." (*Compl.*, ¶ 65.)[3] These property interests are not of such a "particular quality" to warrant substantive due process protection. *See, e.g., Bellochio v. N.J. Dep't of Envtl. Prot.*, - - - F. Supp. 2d - - -, 2014 WL 1464814, at *7 (D.N.J. Apr. 15, 2014 ("the Court is doubtful that diminution of property value based upon a generalized governmental action is a sufficient basis for a substantive due process claim."); *Kriss v. Fayette Cnty.*, 827 F. Supp. 2d 477, 493 (W.D. Pa. 2011) ("The

---

[3] Plaintiffs also allege that they suffered a "diminution of a real property interest." (*Compl.*, ¶ 65.) Although unclear, this averment appears duplicative of Plaintiffs' claim that the value of their real property was diminished in view of the fact that Plaintiffs have not alleged that they were deprived of ownership in the property at issue.

undersigned agrees with other district courts in the Third Circuit and the Court of Appeals for the Second Circuit, which have found that a decline in property value, by itself, cannot support a substantive due process claim. "); *Phantom of Eastern Pa. v. N.J. State Police*, No. 07-2748, 2008 WL 2039461, at *2 (E.D. Pa. May 12, 2008) (substantive due process does not protect "mere diminution of property value"); *Tri-County Concerned Citizens Ass'n v. Carr*, No. 98-4184, 2001 WL 1132227 (E.D. Pa. Sept. 18, 2001) ("the Court believes diminution of property values does not give rise to substantive due process protection"). Additionally, the Complaint suggests that Plaintiffs are alleging a substantive due process violation for Defendants' delayed processing of payments.  But, in a comparable circumstance, the Third Circuit concluded that an interest in the prompt receipt of payment for professional services provided to the state is not worthy of substantive due process protection. *See Reich v. Beharry*, 883 F.2d 239, 244-45 (3d Cir. 1989) ("Reich's complaint fails to state a substantive due process claim.  As we have noted, the only interest that Reich had at stake before Beharry was his interest in avoiding delay in the receipt of payment of a bill for professional services rendered.  We can think of no basis for according substantive due process protection to this interest . . . .").  And, any claim by Plaintiffs that the right to engage in business is protected by substantive due process has been rejected by the Third Circuit. *See Wrench Transp. Sys., Inc. v. Bradley*, 340 F. App'x 812, 815-16 (3d Cir. 2009) ("we agree with the District Court's finding that Malone's asserted interests- the right to 'engage in business' and his right to the ownership of the trucks- are more similar to the type of intangible employment rights that this Court has rejected as not protected by substantive due process than the real property interests which can be protected by substantive due process.").

But, as stated, the Third Circuit has emphasized that ownership of real property warrants substantive due process protection. *See Nicholas*, 227 F.3d at 140.  In this case,

Plaintiffs have not alleged that they have been deprived of ownership of the property. Nevertheless, at least in the context of land use regulations, the Third Circuit has stated that a plaintiff alleges a property interest worthy of substantive due process protection "in situations where the governmental decision in question impinges upon a landowner's use and enjoyment of property." *DeBlasio v. Zoning Bd. of Adjustment*, 53 F.3d 592, 600-01 (3d Cir.1995), *abrogated on other grounds by United Artists Theatre Cir., Inc. v. Twp. of Warrington*, 316 F.3d 392, 400 (3d Cir. 2003); *Andrews v. Bureau of Codes Admin. Office*, No. 08-1669, 2012 WL 610333, at *9 (M.D. Pa. Feb. 24, 2012) (same); *MFS, Inc. v. DiLazaro*, 771 F. Supp. 2d 382, 440-41 (E.D. Pa. 2011) (same); *Thornbury Noble, Ltd. v. Thornbury Twp.*, No. 99-6460, 2002 WL 442827, at *5 (E.D. Pa. Mar. 20, 2002) (same).[4] Here, assuming both that a substantive due process claim can be based on the interference of the use and enjoyment of property in the context presented in this case and that the allegations in the Complaint sufficiently state such an interference, Plaintiffs' substantive due process deprivation of property interest claim is still subject to dismissal for failure to allege conscience-shocking conduct on the part of Defendants.

While what "shocks the conscience" may "var[y] depending on the factual context," the standard "encompasses 'only the most egregious official conduct.'" *United Artists Theatre Cir., Inc. v. Twp. of Warrington*, 316 F.3d 392, 399 (3d Cir. 2003) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998)).

---

[4] Plaintiffs do not allege in the Complaint that its use and enjoyment of its property was impinged by any land use regulations or zoning decisions. However, the reasoning of some courts suggests that interfering with the use and enjoyment of property outside of the zoning context may still form the basis of a substantive due process claim. *See, e.g., DB Enter. Developers & Builders, Inc. v. Micozzie*, 394 F. App'x 916, 919 (3d Cir. 2010) ("Even assuming that Nicholas's threats did interfere with DB's use and enjoyment of its property, such deprivation violates due process only when it shocks the conscience, an extremely difficult standard to meet.").

Here, Plaintiffs' allegations fail to satisfy this standard. With respect to the interference with their property, Plaintiffs at most allege that Defendants misrepresented that they had to execute personal guarantees relating to the Anchor Building Renovation Project, (*Compl.*, ¶ 22), that Defendants failed to timely process payment requests, (*Id*. at ¶¶ 25-27), and, as a result, the project was delayed and damage occurred to Plaintiffs' property at 560 Main Street. (*Id*. at ¶¶ 29, 35.) These allegations are comparable to those which the Third Circuit found insufficient to state conscious-shocking conduct in *DB Enterprise Developers & Builders, Inc. v. Micozzie*, 394 F. App'x 916 (3d Cir. 2010). There, the plaintiff's complaint alleged that the defendants "through atriculated threats and unfulfilled promises forced it to perform sewer construction in exchange for the right to develop Springfield Knoll without interruption." *Id*. at 919. The *DB Enterprise* court likened those allegations to the dispute in *Eichenlaub v. Township of Indiana* where the Third Circuit found that "the township's efforts in selectively enforcing zoning laws, pursuing unannounced and unnecessary inspections, and improperly increasing tax assessments were not such that they shocked the conscience, particularly because there were no allegations that the defendants were motivated by corruption, self-dealing, or bias against a particular ethnic group." *Id*. (citing *Eichenlaub v. Township of Indiana*, 385 F.3d 274, 286 (3d Cir. 2004)). Thus, the Third Circuit in *DB Enterprises* concluded that the "coercion of DB to perform services to benefit Upper Darby's sewer system and his false promise of reimbursement with state funds are not such that shock the conscience." *Id*. at 920. The same result is compelled here because Plaintiffs' allegations fail to allege any conduct by Defendants that was so egregious as to shock the conscience. The substantive due process deprivation of property interest claim in Count I of the Complaint will be dismissed.

        **ii.  Takings Claim**

While Count I of Plaintiffs' Complaint also appears to set forth an unconstitutional

takings claim, the nature of this claim is unclear. The Takings Clause of the Fifth Amendment prohibits the federal government from taking private property for public use without providing just compensation, *see* U.S. Const. amend. V, and the Takings Clause applies to state action through the Fourteenth Amendment. *See Am. Express Travel Related Servs., Inc. v. Sidamon-Eristoff*, 669 F.3d 359, 370 (3d Cir. 2012). Takings claims generally fall into two categories: physical and regulatory. *See Yee v. City of Escondito*, 503 U.S. 519, 522-23, 112 S. Ct. 1522, 118 L. Ed. 2d 153 (1982). A physical taking occurs when there is either a condemnation or a physical appropriation of property. *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 535 U.S. 302, 322, 122 S. Ct. 1465, 152 L. Ed. 2d 517 (2002). By contrast, a regulatory taking occurs when "government regulation of private property [is] . . . so onerous that its effect is tantamount to a direct appropriation or ouster." *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 537, 125 S. Ct. 2074, 161 L. Ed. 2d 876 (2005) (quoting *Pa. Coal Co. v. Mahon*, 260 U.S. 393, 415, 43 S. Ct. 158, 67 L. Ed. 322 (1922) (Holmes, J.)). A regulation violates the Takings Clause "where government requires an owner to suffer a permanent physical invasion of her property," or where the owner is completely deprived of "all economically beneficial use" of the property. *Id*. at 538, 125 S. Ct. 2074 (internal citations omitted).

Plaintiffs fail to state a claim under the Takings Clause. First, Plaintiffs do not allege that their property has been condemned or physically appropriated. Thus, they have not alleged a physical taking. Second, Plaintiffs fail to allege that a regulatory taking has occurred as they have not cited any regulatory action by Defendants. Moreover, Plaintiffs have not indicated that their has been a permanent physical invasion to their property, nor have they alleged that they have been deprived of all economically beneficial uses of the property. *See, e.g., Munoz v. City of Union City*, 481 F. App'x 754, 759 (3d Cir. 2012) ("A Takings Clause claim cannot lie where the plaintiff was not deprived of all beneficial uses

of his property. Munoz concedes that he retains a possessory interest in the property. Indeed, Munoz is still entitled to put the property to any number of beneficial uses. The record reflects that Munoz simply lacks sufficient funds to do so, at present."). Plaintiffs' Takings Clause claim will therefore be dismissed.

### iii. Procedural Due Process Property Interest Claim

Count I of the Complaint also asserts that Defendants deprived Plaintiffs of their right to procedural due process. "To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.' " *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir.2006) (citing *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)). For purposes of procedural due process, courts look to state law to determine whether a property interest exists. *Dee v. Borough of Dunmore*, 549 F.3d 225, 229 (3d Cir. 2008) (citing *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972) ("Property interests are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law.")).

The basis of the procedural due process claim is not apparent from the Complaint or Plaintiffs' brief in opposition to the motion to dismiss. As such, I construe the procedural due process claim to be based on Plaintiffs' contracts and agreements with the Borough.

"[I]t is well-settled that state-created property interests, including some contract rights, are entitled to protection under the procedural component of the Due Process Clause." *Nicholas*, 227 F.3d at 140. Nevertheless, while "state contract law can give rise to a property interest protectible by procedural due process, not every interest held by virtue of a contract implicates such process." *Reich v. Beharry*, 863 F.2d 239, 242 (3d Cir. 1989)

(citations omitted). Such is the case because "if every breach of contract by someone acting under color of state law constituted a deprivation of property for procedural due process purposes, the federal courts would be called upon to pass judgment on the procedural fairness of the processing of a myriad of contractual claims against public entities." *Id*. (citations omitted); *see also Unger v. Nat'l Residents Matching Program*, 928 F.2d 1392, 1398 (3d Cir. 1991) ("we are faced with an equally compelling necessity to recognize that not every interference with contractual expectations does so. It is neither workable nor within the intent of section 1983 to convert every breach of contract claim against a state into a federal claim."). And, the Third Circuit has recognized only two general types of contract interests as property interests protected by procedural due process: (1) where "the contract confers a protected status, such as those 'characterized by a quality of either extreme dependence in the case of welfare benefits, or permanence in the case of tenure, or sometimes both, as frequently occurs in the case of social security benefits'"; or (2) where "the contract itself includes a provision that the state entity can terminate the contract only for cause." *Linan-Faye Constr. Co. v. Hous. Auth. of Camden*, 49 F.3d 915, 932 (3d Cir. 1995) (quoting *Unger*, 928 F.2d at 1399). Here, Plaintiffs' allegations do not implicate these types of contract interests. Thus, Plaintiffs have not stated a procedural due process claim in Count I of the Complaint.

### iv. Procedural Due Process Liberty Interest Claim

Lastly, insofar as Plaintiffs are attempting to assert a procedural due process deprivation of liberty interest in reputation claim, *i.e.*, a stigma-plus claim, in Count I of the Complaint, they fail to state a claim upon which relief can be granted. The Supreme Court held in *Wisconsin v. Constantineau*, 400 U.S. 433, 91 S. Ct. 507, 27 L. Ed. 2d 515 (1971) that an individual has a protectable interest in reputation. "Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him,

15

notice and an opportunity to be heard are essential." *Id*. at 437, 91 S.Ct. 507.  Courts "subsequently clarified, however, that 'reputation alone is not an interest protected by the Due Process Clause.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006) (quoting *Versarge v. Twp. of Clinton*, 984 F.2d 1359, 1371 (3d Cir. 1993)).  "Rather, to make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation plus deprivation of some additional right or interest." *Id*. (citing *Paul v. Davis*, 424 U.S. 693, 701, 96 S. Ct. 1155, 47 L. Ed. 2d 405 (1976)).

Here, any stigma-plus claim alleged by Plaintiffs in the Complaint fails for two reasons.  First, Plaintiffs fail to sufficiently plead the "stigma" prong of the claim. Specifically, other than claiming that Defendants placed Plaintiffs in a "false light," (*Compl.*, ¶ 45), Plaintiff did not identify in the Complaint the purportedly stigmatizing statement[s] or allege that these statement[s] were false. *See Hill*, 455 F.3d at 236 ("To satisfy the 'stigma' prong of the test, it must be alleged that the purportedly stigmatizing statement(s) (1) were made publicly, and (2) were false.").  Second, and of greater significance to the stigma-plus claim in this case, Plaintiffs have not identified the "plus," that is the "additional deprivation needed to transform a stigmatizing statement into a § 1983 claim." *D & D Assoc., Inc. v. Bd. of Educ. of N. Plainfield*, 552 F. App'x 110, 113 (3d Cir. 2014).  For example, the Third Circuit has indicated that a "constitutionally protected property interest qualifies as a sufficient 'plus.'" *Dee v. Borough of Dunmore*, 549 F.3d 225, 234 (3d Cir. 2008); *see also Burns v. Alexander*, 776 F. Supp. 2d 57, 80 (W.D. Pa. 2011) ("A property interest that independently enjoys due process protection constitutes a sufficient 'plus'. . . . Nevertheless, it is not always necessary for a plaintiff to allege the deprivation of an interest entitled to independent due process protection in order to establish the existence of a reputation-based 'liberty interest.'").  In this case, Plaintiffs have not alleged the deprivation of an "additional right or interest" sufficient to satisfy the "plus" prong of their stigma-plus

claim. *See, e.g., Good v. City of Sunbury*, 352 F. App'x 688, 691-92 (3d Cir. 2009) (collecting cases and discussing sufficiently tangible "plus" interests). Accordingly, Plaintiffs' stigma-plus claim will be dismissed.

### 2. Count II

In Count II of the Complaint, Plaintiffs assert that Defendants violated their rights under 42 U.S.C.§ 1985 and § 1986. Defendants move to dismiss the claims under both of these sections.

#### a. Section 1985

42 U.S.C. § 1985 has three subsections: § 1985(1) deals with preventing an officer from performing duties; § 1985(2) addresses obstruction of justice or intimidating a party, witness, or juror; and § 1985(3) focuses on the deprivation of rights or privileges. *See generally* 42 U.S.C. § 1985. Although the Complaint does not specify which subsection they believe Defendants violated, Plaintiffs' brief in opposition to the motion to dismiss indicates that the claim is based on § 1985(3). (Doc. 20, 20.)

Section 1985(3) provides, in pertinent part:

> If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

To state a claim under § 1985(3), a plaintiff must allege:

> (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States.

17

*Lake v. Arnold,* 112 F.3d 682, 685 (3d Cir. 1997) (citations omitted).  Thus, to state a § 1985(3) claim, a plaintiff must allege discrimination against a "specific, identifiable class," not merely "a group of individuals who share a desire to engage in conduct that the . . . defendant disfavors." *Farber v. City of Paterson*, 440 F.3d 131, 135 (3d Cir. 2006) ("In order to ensure that a § 1985(3) class has an independent identifiable existence, a reasonable person must be able to 'readily determine by means of an objective criterion or set of criteria who is a member of the group and who is not.'").

Plaintiffs' § 1985(3) claim will be dismissed.  Here, the Complaint fails to allege discrimination against a "specific, identifiable class of persons."  And, in their brief in opposition to Defendants' motion to dismiss, Plaintiffs did not even attempt to identify such a class.  Thus, Plaintiffs fail to state a claim under § 1985(3).

      **b.**    **Section 1986**

In Count II of the Complaint, Plaintiffs also allege that Defendants violated 42 U.S.C. § 1986. "Section 1986 imposes civil liability on persons who have knowledge that violations of section 1985 'are about to be committed,' have the 'power to prevent or aid in preventing commission of the same,' and refuse to do so." *Foskey v. Rendell*, 261 F. App'x 428, 430 (3d Cir. 2008) (quoting 42 U.S.C. § 1986).  Section 1986 "constitutes an additional safeguard for those rights protected under 42 U.S.C. § 1985, and 'transgressions of § 1986 by definition depend on a preexisting violation of § 1985.'" *Clark v. Clabaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994) (quoting *Rogin v. Bensalem Township*, 616 F.2d 680, 696 (3d Cir. 1980), *cert. denied*, 450 U.S. 1029, 101 S. Ct. 1737, 68 L. Ed. 2d 223 (1981)).  As explained above, Plaintiffs fail to state a claim under § 1985(3).  Therefore, "[h]aving failed to allege any violation of § 1985(3), the complaint cannot state a claim under § 1986." *Foskey*, 261 F. App'x at 430.  The § 1986 claim will be dismissed.

18

### 3. Counts III-V

Plaintiffs' remaining claims are their state law claims for breach of contract, inducing breach of contract, and breach of the implied covenant of good faith and fair dealing. Under 28 U.S.C. § 1367(a), district courts have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court may refuse to exercise such jurisdiction where, as in the instant case, it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Indeed, "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995).

Here, there is no affirmative justification for exercising supplemental jurisdiction over Plaintiffs' state law claims beyond any ordinary inconvenience associated with dismissal on this ground. Therefore, as the claims forming the basis of the Court's jurisdiction under 28 U.S.C. § 1331 in this action will be dismissed, *i.e.*, the § 1983, § 1985, and § 1986 claims, the Court will decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. Thus, the claims in Counts III, IV, and V of the Complaint will be dismissed without prejudice to allow Plaintiffs to re-file them in state court if they so desire.

### C. Leave to Amend

Rule 15 of the Federal Rules of Civil Procedure permits a court to grant a party leave to amend its pleadings. *See* Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. As such, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment

would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). In this context, "'futility' means that the complaint, as amended, would still fail to state a claim upon which relief could be granted." *Shave v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997)). In this case, because the deficiencies identified with regard to Plaintiffs' federal law claims are not curable by amendment, granting leave to amend the § 1983, § 1985, and/or § 1986 claims would be futile. Therefore, Plaintiffs' claims under federal law will be dismissed with prejudice.

### III. Conclusion

For the above stated reasons, Defendants' motion to dismiss will be granted. Plaintiffs' federal law claims will be dismissed with prejudice, while Plaintiffs' state law claims will be dismissed without prejudice.

An appropriate order follows.

September 17, 2014  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge